Spalding, J.
It is claimed by the counsel for plaintiffs that the settlement or account in the handwriting of William D. Peters, dated October, 1839, was incompetent evidence, and improperly admitted on the trial. We think otherwise.
The plaintiff below first offered the agreement between the parties, of the date of February 27th, 1838, showing their special partnership in the transaction from which he claimed his profits had sprung.
This agreement showed the whole fund to be in the hands of J. & S. H. Goodin, who were to receive the avails of the in vestment, pay off the draft and other expenses, and then divide the net profits equally between the parties.
At the close of the business, Armstrong may be presumed to have called upon the Messrs. Goodin for a balance sheet *51 showing the result of their adventure. In the usual and 'ordinary course of business, it is made out for him by the. principal book-keeper of the firm, and he is thereby apprised of a balance in his favor, of a given sum. He has a right to hold this balance sheet, thus signed by the “ book-keeper,” as prima facie evidence of the settlement of the partnership accounts and of the acknowledged balance in his favor. It will be presumed in favor of a paper thus made out and signed, that it had the sanction of the firm. Sound policy requires this presumption to be made, otherwise there can be but little safety in dealing with clerks behind a counter.
It was a paper emanating from a confidential agent, when acting in the line of his duty and within the scope of his agency, as we conceive, and should be entitled to as much weight in the law as an accountable receipt signed by the party or his agent, which is held good until explained and controverted by other evidence.
We are satisfied with the decision of the commercial court upon the whole case.

The judgment of the court on the circuit will be affirmed.